LOWELL B. DAVIS, ESQ.
ATTORNEY FOR PLAINTIFF
One Old Country Rd
Carle Place, N.Y. 11514
516 746 7474

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 1 8 2006 ★

LONG ISLAND OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------

THE LEGENDARY LEAD SINGERS OF
THE TEMPTATIONS Inc.

                  Plaintiff,

      vs.

STAR DIRECTION UMG RECORDINGS, Inc.,
And OTIS WILLIAMS,

                  Defendants.
-------------------------------------

(S.I.) Docket No. Civ. GLASSER, J.

CIVIL ACTION MANN, M.

COMPLAINT FOR DECLARATORY
JUDGMENT

Plaintiff Demands
Jury Trial

    Plaintiffs, LEGENDARY LEAD SINGERS OF THE TEMPTATIONS, INC., by their attorney LOWELL B. DAVIS, as and for their complaint herein, allege:

**JURISDICTION AND VENUE**

    1. This is a suit for Declaratory Judgment on the claims of plaintiff THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS LTD., (hereinafter referred to as "LLST") concerning the use of the performing name "THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS to describe plaintiff's entertainment services as;

    a) a non-infringing use of defendants' claims of ownership to the name the "TEMPTATIONS"; and

    b) for an adjudication that not all performing names including the word "Temptations" infringe MOTOWN'S, federally registered trademark and OTIS WILLIAMS' license

1

c) for injunctive relief and damages for interference with prospective economic advantage.

2. This court has original jurisdiction pursuant to Title 28, United States Code, Sections 1331 and 1338(a) respectively because the action arises under the Lanham Act §43(a) and the trademark laws of the United States (Title 15, United States Code, Section 101 et seq.) and pursuant to the Declaratory Judgment Act, Title 28, United States Code, Section 2201. Venue in this Judicial District is proper pursuant to Title 28, United States Code, Section 1391(b)(1), in that the defendant UMG may be found in this district as well as he remaining defendants and plaintiffs LLST maintains an office for the conduct of its business in this district and based upon the fact that a substantial part of the events giving rise to the claim occurred in this district.

3. Plaintiff LEGENDARY LEAD SINGERS OF THE TEMPTATIONS is a domestic corporation doing business in the State of New York, County of Queens.

4. Defendant UMG RECORDINGS, Inc. (hereinafter referred to as "UMG") is a foreign corporation licensed to do business in the State of New York, and is transacting and/or doing business in this district.

5. Upon information and belief UMG is the assignee from Motown Recording of its federal registration for "THE TEMPTATIONS"

6. Defendant, STAR DIRECTION, (hereinafter referred to as "STAR") is upon information and belief a partnership comprised of Shelly Berger and unknowns, a sole proprietorship and/or a California corporation having its principal place of business at 9200 Sunset Boulevard, Los Angeles Ca. 90069, Los Angeles, California.

7. Defendant, STAR is upon information and belief a licensee of "The Temptations" trademark from defendant UMG and as such is doing business and/or transacting business in this district.

8. Defendant OTIS WILLIAMS (hereinafter referred to as "WILLIAMS") is an individual who resides in the State of California, County of Los Angeles.

9. Defendant, OTIS WILLIAMS is upon information and belief a licensee of "The Temptations" trademark from defendant UMG or its assignor and as such is doing business and/or transacting business in this district.

10. Plaintiff, manages a performing group that provides entertainment services as THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS.

11. Defendant UMG is the owner of Federal Registration 0879695, as an assignee of Motown, for the performing and recording name "THE TEMPTATIONS" and upon information and belief is a licensor of the name to a variety of persons for a variety of uses.

3

12. Defendant WILLIAMS, provides entertainment services as "THE TEMPTATIONS" as one of MOTOWN'S licensees.

13. Defendant Star is OTIS WILLIAMS' manager and together co-produce an entertainment group performing as THE TEMPTATIONS as one of MOTOWN'S licensee.

14. DENNIS EDWARDS is not a party to this action and provides entertainment services by advertising and promoting his historical association with THE TEMPTATIONS.

15. DENNIS EDWARDS is a former recording and performing member of the Temptations and was a member of the same Temptations Group that featured Otis Williams.

16. RICHARD STREET is not a party to this action and provides entertainment services by advertising and promoting his historical association with THE TEMPTATIONS.

17. RICHARD STREET is a former recording and performing member of the Temptations and was a member of the same Temptations Group that featured Otis Williams.

18. GLEN LEONARD is not a party to this action and provides entertainment services by advertising and promoting his historical association with THE TEMPTATIONS.

19. GLEN LEONARD is a former recording and performing member of the Temptations and was a member of the same Temptations Group that featured Otis Williams.

20. BARRINGTON HENDERSON is not a party to this action and provides entertainment services by advertising and promoting his historical association with THE TEMPTATIONS.

21. BARRINGTON HENDERSON is a former recording and performing member of the Temptations and was a member of the same Temptations Group that featured Otis Williams.

22. HARRY MCGILLBERRY is not a party to this action and provides entertainment services by advertising and promoting his historical association with THE TEMPTATIONS.

23. HARRY McGILLBERRY is a former recording and performing member of the Temptations and was a member of the same Temptations Group that featured Otis Williams.

24. DAMON HARRIS is not a party to this action and provides entertainment services by advertising and promoting his historical association with THE TEMPTATIONS.

25. DAMON HARRIS is a former recording and performing member of the Temptations and was a member of the same Temptations Group that featured Otis Williams.

26. ALI WOODSON is not a party to this action and provides entertainment services by advertising and promoting his historical association with THE TEMPTATIONS.

27. ALI WOODSON is a former recording and performing member of the Temptations and was a member of the same Temptations Group that featured Otis Williams.

28. RAY DAVIS is not a party to this action and provided entertainment services by advertising and promoting his historical association with THE TEMPTATIONS.

29. RAY DAVIS was a former recording and performing member of the Temptations and was a member of the same Temptations Group

that featured Otis Williams.

30. UMG, its agents, assignors and assignees, has acquiesced in the use of the name, THE TEMPTATIONS REVIEW FEATURING DENNIS EDWARDS, as a non-infringing use of its federally registered trademark "THE TEMPTATIONS".

31. Upon information and belief UMG has licensed use of the name, THE TEMPTATIONS REVIEW FEATURING DENNIS EDWARDS to DENNIS EDWARDS, as a non-infringing use of its federally registered trademark "THE TEMPTATIONS".

32. UMG has acquiesced in the use of the name, THE TEMPTATIONS by ALI WOODSON, to make only non-infringing use of its federally registered trademark "THE TEMPTATIONS".

33. UMG has acquiesced in the use of the name, THE TEMPTATIONS by RICHARD STREET, to make only non-infringing use of its federally registered trademark "THE TEMPTATIONS".

34. Defendant STAR DIRECTION holds itself out as the exclusive agent/manager for the defendant WILLIAMS, including having the authority to hire lawyers to enforce WILLIAMS alleged license for using 'THE TEMPTATIONS" including the authority to send out cease and desist letters.

35. Defendant WILLIAMS is an original recording and performing member of "The Temptations"

36. UMG's assignor MOTOWN has at different times claimed to be either the owner of "The Temptations" name or to have relinquished its rights in the name.

37. WILLIAMS has at different times claimed to be either the

6

owner of "THE TEMPTATIONS", name or a licensee from defendant MOTOWN or its assignee UMG.

38. The defendant UMG holds itself out as a licensor of the name "The Temptations" to defendant OTIS WILLIAMS.

39. Prior to the commencement of this action, the plaintiff, has continuously provided entertainment service, throughout the United States as the "THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS.

40. Beginning on or before March, 2002 plaintiffs began advertising their entertainment services as, THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS" on actual notice to defendant WILLIAMS and has used said name, openly, continuously and notoriously in interstate commerce since that time.

41. Beginning on or before March, 2002 the plaintiffs began advertising their entertainment services as THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS" on actual notice to defendant STAR DIRECTION and has used that name openly, continuously and notoriously in interstate commerce since that time.

42. The defendant UMG had constructive notice of plaintiffs' use of THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS.

43. The defendant STAR had constructive notice of plaintiffs' use of THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS

44. The defendant OTIS WILLIAMS had constructive notice of the use of THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS.

45. On or about October 27, 2004, the plaintiff, LLST booked THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS to appear at the

Union County Arts Center in Union County New Jersey and the Greenville Convention Center.

46. On or about October 27, 2004, and subsequent thereto, the defendant STAR, individually and on behalf of MOTOWN and WILLIAMS threatened plaintiffs and the purchaser of plaintiffs' entertainment services in Union County New Jersey, with a lawsuit claiming that Williams is the owner of THE TEMPTATIONS name and that plaintiffs' customers were violating WILLIAMS' trademark and service mark rights and for diluting WILLIAMS ability to generate performance income.

47. On or about October 27, 2004, plaintiff responded that its use of THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS, was not an infringing use of The Temptations.

48. On or about November 1, 2004 defendant WILLIAMS by his representative International Creative Management, Inc., threatened the purchaser of plaintiffs' entertainment services, in Greenville North Carolina with a lawsuit claiming that Williams is the only person who has the right to use THE TEMPTATIONS name, in any manner, shape or form.

49. On or about October November 1, 2004, plaintiff responded that its use of THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS, was not an infringing use of The Temptations.

50. The plaintiff, LLST has booked the plaintiff's performing and recording group THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS at the Atlantic City Hilton Hotel & Casino in Atlantic City New Jersey.

51. On or about December 21, 2005 defendant WILLIAMS by his legal representative threatened the purchaser of plaintiffs' entertainment services, with a lawsuit claiming that Williams is the only person who has the right to use THE TEMPTATIONS name, in any manner, shape or form.

52. On or about October December 23, 2005, plaintiff responded that its use of THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS, was not an infringing use of The Temptations.

53. Plaintiff's are in reasonable apprehension of a lawsuit.

### AS A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS

54. Plaintiffs repeat and reiterate each and every allegation set forth at paragraphs 1 through 53 as though more fully set forth herein.

55. Plaintiff employs many individuals who were members of the recording and performing group "The Temptations".

56. Many of the hit songs of "The Temptations" featured the lead vocal performance of these individuals worldwide and throughout the United States during live performance and on recordings.

57. Plaintiffs have booked THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS to perform at venues throughout the United States.

58. Commencing on or before 2002 the defendants Star Development, by Shelly Berger, on behalf of itself and defendant Williams have held WILLIAMS out to be the owner of THE TEMPTATIONS trademark and have threatened plaintiffs and the purchaser of plaintiffs' entertainment services, with a lawsuit

9

under the Lanham Act for including in its advertisement and promotion the words "The Temptations", and have otherwise interfered with plaintiff's lawful use of a performing name that includes the word "Temptations", in a non-infringing manner.

59. That the plaintiff's use of THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS to advertise and promote its entertainment services, is an example of one non infringing use.

60. Defendant WILLIAMS does not own the trademark for THE TEMPTATIONS, name.

61. Said acts of the defendants constitute unfair competition and tortuous interference with Plaintiffs' contractual relations and future economic advantage.

62. As a consequence of the actions of the defendants, the plaintiffs have been damaged.

WHEREFORE, Plaintiffs demand judgment as follows:

1. On their first cause of action as follows:

   a) Declaring valid plaintiffs uses of the performing name "THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS, as a non infringing use of "The Temptations" trademark.

   b) For a declaration and judgment that plaintiff owns common law rights to the trade name THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS.

   c) For a declaration that plaintiff's right to use the name THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS are exclusive and that it is the right of these plaintiffs to continue their business without any further action, threat or interference of

any kind or nature by the defendants MOTOWN, STAR DIRECTION AND OTIS WILLIAMS, or anyone acting in concert or participation with them.

d) For a declaration declaring that there are other non infringing uses of THE TEMPTATIONS name to be used by plaintiff to advertise and promote its entertainment services and the historical association of its group members with THE TEMPTATIONS

e) For an injunction preliminarily and permanently enjoining the defendants UMG, WILLIAMS and STAR DIRECTION, or anyone acting in concert or participation with them from challenging, threatening or otherwise interfering with plaintiff's use of the trade name THE LEGENDARY LEAD SINGERS OF THE TEMPTATIONS, in commerce in the United States.

2. Plaintiff demands judgment on its second cause of action as follows:

(a) a judgment for the sum of $100,000.00 with interest from February 2002.

(b) compensatory damages in the sum of $100,000.00 Dollars with interest from February 2002.

c) That plaintiffs have judgment for their costs and their reasonable attorneys fees.

d) For such other and further relief as this Court may deem just and proper.

e) Plaintiffs demand judgment on all causes of action.

f) That the Court award Judgment against the defendants for the full costs of this action, including

11

reasonable fees for the services of plaintiff's attorney.

    g)  That the Court award Judgment against the defendants for punitive damages.

    h)  That the Court Order such other, further and different relief as the nature of this action may require and as the Court may deem just and proper.

    i)  That the Court retain jurisdiction of this action for the purpose of enabling plaintiff in his discretion, to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement of compliance therewith and for the punishment of any violation thereof.

Dated: January 17, 2006

LOWELL B. DAVIS  
Attorney for plaintiffs  
One Old Country Road  
Carle Place, N.Y. 11514  
(516) 746-7474  
No. Lbd2913